1

2

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

3   **ARTURO DELIZ VELEZ, et al.**,

4       Plaintiffs,

5           v.                                             **CIVIL NO. 02-1869 (PG)**

6

7   **PUERTO RICO ELECTRIC POWER
    AUTHORITY, et al.,**

8       Defendants.

9

10                          **REPORT AND RECOMMENDATION**

11          Before the Court is defendant Puerto Rico Electric Power Authority ("PREPA"), et al.'s

12  (jointly referred to as the "defendants") *Motion for Summary Judgment* (Docket No. 302), requesting

13  dismissal of the claims brought forth against them by Arturo Deliz-Vélez ("Deliz-Vélez"), et al.

14  (jointly referred to as the "plaintiffs").

15          After careful review of all the evidence and material facts, the Court **RECOMMENDS** that

16  the defendants' *Motion for Summary Judgment* (Docket No. 302) be **GRANTED** in part and

17  **DENIED** in part.

18                              **I. STANDARD OF REVIEW**

19          Rule 56(c) of the Federal Rules of Civil Procedure provides for the entry of summary

20  judgment in a case where "the pleadings, depositions, answers to interrogatories, and admissions on

21  file, together with the affidavits, if any, show that there is no genuine issue as to any material fact

22  and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Pagano v.

23  Frank, 983 F.2d 343, 347 (1st Cir.1993);  Lipsett v. University of Puerto Rico, 864 F.2d 881, 894

24  (1st Cir.1988). See also Velázquez Hernández, Jorge, The Federal Rules of Evidence, Civil and

25  Criminal Procedure, As Interpreted by the First Circuit Court of Appeals and the U.S. District of

26  Puerto Rico, p.202-212 (2000).

27          Summary judgment is appropriate where, after drawing all reasonable inferences in favor of

28  the party against whom summary judgment is sought, there is not the slightest doubt as to whether

    a genuine issue of material fact exists. Kennedy v. Josephthal & Co., Inc., 814 F.2d 798, 804 (1st

1   **CIVIL NO. 02-1869 (PG)**                              2

2   Cir.1987). A "genuine" issue is one that is dispositive, and which consequently must be decided at

3   trial. <u>Mack v. Great Atlantic and Pacific Tea Co.</u>, 871 F.2d 179, 181 (1st Cir.1989); <u>Anderson v.</u>

4   <u>Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986). A material fact, which is defined by the

5   substantive law, is one which affects the outcome of the suit and which must be resolved before

6   attending to related legal issues. <u>Mack</u>, 871 F.2d at 181.

7          The party filing a motion for summary judgment bears the initial burden of proof to show

8   "that there is an absence of evidence to support the non- moving party's case." <u>Celotex Corp. v.</u>

9   <u>Catrett</u>, 477 U.S. 317, 325 (1986). Thereafter, the burden shifts to the non-movant to provide the

10  Court, through the filing of supporting affidavits or otherwise, with "some indication that [it] can

11  produce the quantum of evidence [necessary] to enable [it] to reach the jury with [its] claim." <u>Hahn</u>

12  <u>v. Sargent</u>, 523 F.2d 461, 468 (1st Cir.1975), <u>cert. denied</u>, 425 U.S. 904 (1976). The non-movant

13  cannot rest upon mere allegations or denial of the pleadings. Fed.R.Civ.P. 56(e). Indeed, the

14  non-movant must affirmatively show that "sufficient evidence supporting the claimed factual dispute

15  [exists] to require a jury or judge to resolve the parties' differing versions of truth at trial." <u>First Nat.</u>

16  <u>Bank of Ariz. v. Cities Service Co.</u>, 391 U.S. 253, 288-89 (1968), <u>reh'g denied</u>, 393 U.S. 901 (1968).

17                          **II. LEGAL ANALYSIS**

18  *A. Prima Facie Case of Political Discrimination*

19         In the present case, the defendants allege that outside of the parties' rival political affiliation

20  the plaintiffs have not produced any evidence to support a finding of discriminatory animus.

21  *Memorandum in Support of Summary Judgment*, p. 4 (Docket No. 303). In the alternative, the

22  defendants allege that if the Court were to find that the plaintiffs have established a prima facie case

23  of political discrimination, the proffered non-discriminatory reasons set forth should warrant the

24  complaint's dismissal. Id.

25         A plaintiff alleging political discrimination bears the burden of "producing sufficient

26  evidence that she engaged in constitutionally protected conduct and that political affiliation was a

27  substantial or motivating factor behind the challenged employment action." <u>González-De-Blasini</u>

28  <u>v. Family Dept.</u>, 377 F. 3d. 81, 85 (1ST Cir. 2004). "The plaintiff must point to evidence on the record

1  **CIVIL NO. 02-1869 (PG)**                                    3

2  which, if credited, would permit a rational fact finder to conclude that the challenged personnel

3  action occurred and stemmed from a politically based discriminatory animus." Id. This showing

4  requires more than merely juxtaposing a protected characteristic, such as differing political ideal,

5  with the fact that the plaintiff was treated unfairly. Padilla-García v. Rodríguez, 212 F. 3d. 69, 74

6  (1ST Cir. 2000).

7          Notwithstanding, even if the plaintiffs demonstrate that their political affiliation was a

8  substantial factor in the adverse employment actions alleged, the Court will find in the defendants'

9  favor if they are able to show both that (1) they would have taken the same action in any event, and

10  (2) that they would have taken that action for reasons that are not unconstitutional. Mt. Healthy City

11  School Dist Bd. of Educ. v. Doyle, 429 U.S. 274 (1977); Sánchez-López v. Fuentes-Pujols, 375 F.

12  3d. 121, 124 (1ST Cir. 2004).

13          In the case at bar, the evidence of record shows that while employed at the PREPA, Deliz-

14  Vélez was appointed by former governor Pedro Roselló, then president of the New Progressive Party

15  ("NPP"), as Director of Youth Affairs, a trust position. ¶ 3, *Statement of Uncontested Facts*, p. 2

16  (Docket No. 305). Upon said appointment, Deliz-Vélez was granted "voluntary separation" from his

17  career post at the PREPA by then executive director Miguel Cordero ("Cordero"). Id.; Plaintiffs'

18  **Exhibit 2**, *April 28, 1995 Letter* (Docket No. 329). Thereafter, upon Deliz-Vélez' appointment for

19  a second term as Youth Affairs Director, again by former governor Roselló, his voluntary separation

20  was extended for an additional three year period  by Cordero. ¶ 4, *Statement of Uncontested Facts*,

21  p. 2 (Docket No. 305); Plaintiffs' **Exhibit 3**, *March 11, 1998 Letter* (Docket No. 329). After said

22  term, and following the PDP's victory in the 2000 elections, Deliz-Vélez was reinstated in his career

23  position as Juridical Investigator I. ¶ 4, *Statement of Uncontested Facts*, p. 2 (Docket No. 305). Only

24  a few months after returning to the PREPA, Deliz-Vélez' salary was reduced from $35,002.50 to

25  30,049.50 annually, in a decision admittedly recommended by Human Resources Director Ana

26  Blanes ("Blanes"), a staunch Popular Democratic Party ("PDP") militant.[1] Plaintiffs' **Exhibit 7**,

27

28

   [1] Blanes admitted she is the President of "Energía Popular", a PDP organization within the
PREPA. Plaintiffs' **Exhibit 7**, *Deposition of Ana Blanes*, p. 33 (Docket No. 329).

**CIVIL NO. 02-1869 (PG)**                           4

*Deposition of Ana Blanes*, p. 33-34, 55 (Docket No. 329). In light of the before-mentioned facts, and

viewing the evidence in the light most favorable to the non-movant, the Court concludes that the

plaintiffs have met their burden of establishing a prima facie case of political discrimination, which

is not an onerous one. See generally Simas v. First Citizens' Federal Credit Union, 170 F. 3d. 37,

45 (1ST Cir. 1999). Having done so, the defendants next claim that their decision to lower Deliz-

Vélez' salary was justified, and that dismissal is warranted pursuant to Mt. Healthy. 429 U.S. 274.

       In support of their decision to reduce Deliz-Vélez' salary at PREPA upon his reinstatement

as Juridical Investigator I, the defendants allege that they were prompted by a study conducted in

regards to various employment transactions allegedly performed during the electoral prohibition.

*Memorandum in Support of Summary Judgment*, p. (Docket No. 303). After requesting and receiving

some legal opinions as to the lawfulness of such transactions, Blanes commissioned an analysis of

said transaction, performed by Aníbal Hernández ("Hernández"). Id.;   ¶ 8-10, *Statement of*

*Uncontested Facts*, p. 3 (Docket No. 305). After gathering all the relevant information, Hernández

proceeded to analyze the validity of the reinstatements and the assigned salaries. ¶ 11, Id. Upon

completion of the analysis, various transactions, including Deliz-Vélez' reinstatement and assigned

salary,  were allegedly found to have contravened local law and regulations. ¶ 12, Id.; *Memorandum*

*in Support of Summary Judgment*, p. 7 (Docket No. 303). As a result, the PREPA brass decided to

reduce Deliz-Vélez' salary accordingly.[2] ¶ 18, *Statement of Uncontested Facts*, p. 3 (Docket No.

305); *Memorandum in Support of Summary Judgment*, p. 7 (Docket No. 303).

       The plaintiffs, however, allege that the study was merely a pretext for the defendants'

discriminatory intent. To that effect, they allege that only NPP militants were subject to the

transaction analysis, and that the defendants never took into account the legal opinions requested in

regards to said employment transactions. *Memorandum in Opposition of Motion for Summary*

_____

       [2] The defendants further contend that the decision to lower Deliz-Vélez' salary, was ratified
by PREPA's governing board. However, the evidence pointed to only establishes that a presentation
of that nature was given to the board. No evidence as to actual approval is provided. See ¶ 15,
Statement of Uncontested Facts, p. 5 (Docket No. 303); Defendants' **Exhibit 13**, *Presentation to*
*PREPA Governing Board* (Docket No. 305).

**CIVIL NO. 02-1869 (PG)**                                             5

*Judgment*, p. 8 (Docket No. 325). According to the plaintiffs, "there was a meeting of mind between the co-defendants to tortiously [interfere], persecute and [politically] discriminate" against the defendants. Id.

While the plaintiffs do raise serious issues of fact, they have patently failed to support such allegations, with the exception of their claim against co-defendant Blanes discussed below, with the evidence of record. In opposing summary judgment, a plaintiff has an affirmative duty to put his best foot forward in an effort to present some legal theory to support his claim. CMM Cable Rep, Inc. v. Ocean Coast Properties, Inc., 97 F. 3d. 1504, 1526 (1ST Cir. 1996). In the case at bar, other than in reference to the parties' differing political views, the plaintiffs rely almost exclusively on unsupported allegations, and expect the Court to deny summary judgment on the alleged existence of credibility issues. However such statements, allegations, and claims must be supported by the evidence of record to create an issue of material fact. At the summary judgment stage, the "non-movant may not rest on mere allegations, but must produce evidence which would be admissible at trial to make out the requisite issue of material fact. Proof based on arrant speculation, optimistic surmise or farfetched inference will not suffice." Kelly v. United States, 924 F. 2d. 355, 357 (1ST Cir. 1991); Fed. R. Civ. P. 56 (e).

Specifically, the record is barren, and the plaintiffs fail to point to, evidence which establishes that the employment study was conducted exclusively as to members of the NPP. See Plaintiffs' **Exhibit 7**, *Deposition of Ana Blanes*, p. 10 (Docket No. 336 & 342) (stating that she could not verify whether all the employment transactions scrutinized where of NPP followers). Likewise, the plaintiffs' bald assertion that the defendants did not consider the legal opinions is clearly unsubstantiated. Consequently, the Court **RECOMMENDS** that the defendants' motion for summary judgment be **GRANTED** as to the plaintiffs' Section 1983 claim of political discrimination, with the exclusion of co-defendant Blanes.

The evidence of record, however, establishes a triable issue as to co-defendant Blanes' conduct. Amidst all the evidence presented by both parties, the Court notes that Blanes, who prompted the employment transaction study which eventually served as a basis to reduce Deliz-Vélez' salary, merely discussed the report's findings with Hernández, but did not verify its contents,

**CIVIL NO. 02-1869 (PG)**                    6

or request any supporting evidence. Plaintiffs' **Exhibit 7**, *Deposition of Ana Blanes*, p. 20-21, 63 (Docket No. 336 & 342). Moreover, Blanes stated that, at the time the decision to lower Deliz-Vélez' salary, she was unaware that Deliz-Vélez had been working as Executive Director of the Puerto Rico Youth Affairs Office. This is a noteworthy fact considering that such authorization was explicitly provided by the previous PREPA director in writing on two separate occasions. Id., p. 23; See Plaintiffs' **Exhibits 2 and 3**, *Authorizations from former PREPA director Miguel A. Cordero*. Furthermore, as Director of Human Resources at PREPA, Blanes was in charge of "advising, counseling, and making recommendations to the executive director." Plaintiffs' **Exhibit 7**, *Deposition of Ana Blanes*, p. 30 (Docket No. 336 & 342). However, in doing so in regards to Deliz-Vélez' reinstatement and assigned salary, Blanes did not discuss individual cases with the director, nor did she provide a list employees whose transactions and/or salaries were questioned, or any supporting documentation. Id., p. 50-51. Hence, there exist sufficient issues of material fact to warrant the **DENIAL** of the defendants' motion for summary judgment as to Blanes.

In sum, the Court **RECOMMENDS** that the defendants' motion for summary judgment be **GRANTED** as to the plaintiffs' Section 1983 claim. However, said claim should be **DENIED** as to co-defendant Ana Blanes.

*B. Due Process Claim*

The defendants allege that, since Deliz-Vélez' reinstatement was illegal, he possessed no property right over said employment and the relative salary, for which the plaintiffs' due process claim should be dismissed. *Memorandum in Support of Motion for Summary Judgment*, p. 9 (Docket No. 303). The plaintiffs counter by alleging that Deliz-Vélez did in fact hold a career position, to which Puerto Rico law grants a property interest, and that said issue was already dealt with in prior state proceedings, for which the Court should apply the res judicata doctrine to defendants' claim. *Plaintiffs' Memorandum in Opposition of Motion for Summary Judgment*, p. 23-26 (Docket No. 325).

According to the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action. Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 326 n. 5 (1979). Pursuant to 28 U.S.C. § 1738, judicial

**CIVIL NO. 02-1869 (PG)**                               7

proceedings of any court of any State, Territory or Possession shall have the same full faith and

credit in every court within the United States as they have by law or usage in the courts of such State,

Territory or Possession. See Cruz v. Melecio, 204 F. 3d. 14, 18 (1ST Cir. 2000). Consequently, state

law applies in determining the res judicata effect of a state court judgment in federal court. Id.

Accordingly, Article 1204 of the Puerto Rico Civil Code requires that, in order for claim

preclusion to apply between two separate proceedings, there exist "perfect identity between the

things, causes and persons of the litigants and their capacity as such." P.R. Laws Ann. Tit. 31 § 3343.

Muñiz-Cortés v. Intermedics, Inc., 229 F. 3d. 12 (1ST Cir. 2000).

In reviewing the evidence of record, particularly that related to the state administrative and

appellate proceedings, the Court notes that the issue of whether Deliz-Vélez was a career employee

was already answered in the affirmative. Plaintiffs' **Exhibit 9**, *February 22, 2002 Resolution*, p. 9

(Docket No. 331); Plaintiffs' **Exhibit 10**, *April 9, 2002 Resolution*, p. 3-4 (Docket No.). The

defendants' claim to the contrary was found "merit[less]" and "frivolous" by the official examiner

who oversaw the administrative proceedings. Plaintiffs' **Exhibit 10**, *April 9, 2002 Resolution*, p. 3

(Docket No. 329). Said officer's findings and conclusions were subsequently upheld on appeal to

the Puerto Rico Court of Appeals. Plaintiffs' **Exhibit 11**, *Puerto Rico Appeals Court Decision*

(Docket No. 332). The Puerto Rico Supreme Court subsequently denied certiorari. Plaintiffs'

**Exhibits 13 and 14**, *Puerto Rico Supreme Court Rulings* (Docket No. 336).

Moreover, the Court notes that Puerto Rico's res judicata doctrine precludes claims that were

**or could have been raised** in a previous action. See generally Parklane Hosiery, 439 U.S. at 326 n.

5; Giles-Toro v. U.P.R., 183 F. Supp. 2d. 457, 464 (2001). The evidence before the Court lacks any

proof to the effect that the defendants' allegation as to the alleged illegality of Deliz-Vélez'

appointment was ever raised at the administrative level. As mentioned, the only challenges to Deliz-

Vélez' designation were disposed of by the official examiner. Plaintiffs' **Exhibit 10**, *April 9, 2002*

*Resolution*, p. 3 (Docket No. 329). Consequently, those claims not raised before the administrative

agency were waived, and cannot be considered by the Court. Comm. Of Mass., Dept. of Public

Welfare v. Secretary of Agriculture, 984 F. 2d. 514, 524 (1ST Cir. 1993) (" as a general matter, courts

will not entertain an issue that the parties failed to raise in the proper administrative venue unless

**CIVIL NO. 02-1869 (PG)**                                    8

the issue is jurisdictional in nature or some other compelling reason exists").

The Court finds that Deliz-Vélez' standing as a career officer was resolved during the administrative proceedings, for which the doctrine of res judicata is applicable. Furthermore, in the absence of any "compelling reason" to rule otherwise, the Court concludes that the defendants' claim as to the illegality of Deliz-Vélez' appointment was waived by not being raised at the administrative level. Hence, the Court **RECOMMENDS** that summary judgment be **DENIED** as to the plaintiffs' Due Process claim.

*C. Hostile Work Environment*

In viewing a hostile work environment claim, the Court must consider factors such as the frequency of the alleged discriminatory conduct, its severity, whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it interferes with an employee's work performance. Harris v. Forklift Systems, Inc., 510 U.S. 17, 23 (1993). Evidence of remarks, innuendos, ridicule and intimidation may be sufficient to support a hostile work environment claim. O'Rourke v. City of Providence, 235 F. 3d. 713, 729 (1ST Cir. 2001). Moreover, the accumulated effect of incidents of humiliating, offensive comments, taken together, can also constitute a hostile work environment. Id.

Deliz-Vélez has alleged that he was the victim of a hostile work environment in so much as he was not considered for other positions within PREPA for which he applied and was qualified, he was asked to remove various photos and Unites States' flags which adorned his desk, he was reassigned to a smaller workspace, he was the victim of various discriminatory remarks, and his absences were charged to "the licence with symbol 'J'." *Memorandum in Opposition to Motion for Summary Judgment*, p. 36-41 (Docket No. 325). The Court may not scrutinize Deliz-Vélez' allegations individually, rather the atmosphere *as a whole* must be considered. DeNovellis v. Shalala, 124 F. 3d. 298, 311 (1st Cir. 1997).

The defendants allege that Deliz-Vélez was not selected for the various positions he applied for because he failed to meet certain selection criteria. Such criteria is provided by the defendants, however, they do not abound as to how Deliz-Vélez failed to comply with said requirements. *Memorandum in Support of Summary Judgment*, p. 12-14 (Docket No. 303). This is particularly

**CIVIL NO. 02-1869 (PG)**                    9

troubling when considering that, as stated by the plaintiffs, the defendants knew Deliz-Vélez had

occupied a high ranking administrative office[3] within the previous administration, for which claims

of lack of experience cannot be summarily affirmed.

      Moreover, the plaintiffs have set forth evidence that indicates that Deliz-Vélez was asked by

co-defendant Eddie Cuevas to take down various pictures featuring him with, among others, former

governor Pedro Roselló and his wife, Bob Dole, Mickey Mouse, a few artists, and some South

American political figures. Plaintiffs' **Exhibit 23**, *Deposition of Arturo Deliz-Vélez*, p. 37 (Docket

No. 342); *Memorandum in Opposition of Motion to Summary Judgment*, p. 39 (Docket No. 325).

While the defendants allege that such a decision was made according to a Puerto Rico law

prohibiting public employees from exhibiting political paraphernalia at their work,[4] Deliz-Vélez has

alleged that a co-worker who had a picture of a Popular Democratic Party ("PDP") figure on her desk

was not treated in the same manner. Id., p. 40, 48. Additionally, the evidence presented by the

defendants to justify their action states that such statute was signed into law on January 3, 2003, over

five months after the filing of the complaint in the instant case. Defendants' **Exhibit 24**, *February*

*9, 2004 Letter* (Docket No. 305). Deliz-Vélez goes on to claim that another PDP affiliated employee

stated to him that the pictures were offensive, and threatened to place a picture of former Governor

Sila Calderón, a member of the PDP, in his cubicle. Id., 49.

      Consequently, the record contains various instances of alleged hostile conduct on the part of

defendants toward Deliz-Vélez. As a result, the Court finds that the plaintiffs have raised sufficient

issues of material fact, pursuant to Harris v. Forklift Systems, Inc., 510 U.S. at 23, to warrant

**RECOMMENDING DENIAL** of the defendants' motion for summary judgment, as to the

plaintiffs' hostile work environment claim.

*D. Qualified Immunity*

      Qualified immunity is not a defense on the merits, but rather an entitlement not to stand trial

---

[3] ¶ 3, *List of Uncontested Facts*, p. 2 (Docket No. 305).

[4] ¶ 30, *Statement of Uncontested Facts*, p. 9 (Docket No. 305).

**CIVIL NO. 02-1869 (PG)**                           10

or face the countless other burdens of litigation. Saucier v. Katz, 533 U.S. 194, 200 (2001). The

threshold inquiry must be whether the facts, taken in the light most favorable to the party claiming

injury, show that an officer's conduct violated a statutory or constitutional right. Forest v. Pawtucket

Police Dept., 377 F. 3d. 52, 56 (1ST Cir. 2004). If such inquiry results in the affirmative, the court

must determine whether that right was clearly established at the time of the official's alleged

violation. Wilson v. Layne, 526 U.S. 603, 609 (1999). Only after both these questions are answered

affirmatively should the Court address the particular conduct in question to decide whether an

objectively reasonable official would have believed that his conduct was lawful in light of the clearly

established law and the information possessed at the time of the allegedly wrongful conduct. Abreu-

Guzmán v. Ford, 241 F. 3d. 69, 73 (1ST Cir. 2001); McBride v. Taylor, 924 F. 2d. 386, 389 (1ST Cir.

1991).

      In the case at bar, the defendants have limited their qualified immunity argument to a brief

synopsis of the applicable law, and a mere one paragraph claim that co-defendants Héctor Rosario

("Rosario") and Ana Blanes ("Blanes") did not violate a clearly established law, or "that they knew

or should have known about it." *Memorandum of Law in Support of Summary Judgment*, p. 25

(Docket No. 303). However, such a skeletal argument is insufficient to warrant qualified immunity.

      For the reasons set forth in subsection A of this Report and Recommendation, the Court finds

that their exist sufficient issues of material fact to warrant denial of qualified immunity as to co-

defendant Blanes. Moreover, the Court is of the opinion that the defendants meager attempt to

substantiate a qualified immunity claim does not suffice their initial burden of initial burden of proof

to show "that there is an absence of evidence to support the non- moving party's case." Celotex Corp.

v. Catrett, 477 U.S. 317, 325 (1986). The Court is not obligated to delve the record in search for

evidence to support the defendants' claim. See United States v. Marks, 365 F. 3d 101, 107 (1st Cir.

2004) (citing United States v. Zannino, 895 F. 2d 1, 7 (1st Cir. 1990) ("It is not enough merely to

mention a possible argument in the most skeletal way, leaving the court to do counsel's work.")).

Hence, the Court **RECOMMENDS** that summary judgment be **DENIED** as to the defendants'

qualified immunity claim.

*E. Plaintiff Evelyn Orengo-González*

**CIVIL NO. 02-1869 (PG)**                    11

Lastly, the defendants request dismissal of plaintiff Evelyn Orengo-González' ("Orengo-González") claim of political discrimination. Orengo-González claims to have been the victim of numerous discriminatory acts, including having certain medical-related absences charged to her vacation time, failing to provide her with an adequate office near the employee she supervised, failing to consider her for the position of Supervisor of the Quality Control Office, and denying her a parking space closer to her office. Orengo-González claims that the before-mentioned acts were a result of the defendants discriminatory animus, and varied from the treatment given to PDP affiliated co-workers. ¶¶ 61-66, *Amended Fourth Amended Complaint*, p. 25-28 (Docket No. 172).

As with Deliz-Vélez, the defendants have defended their actions pursuant to Mt. Healthy City. 429 U.S. 274. To that effect, the defendants point to numerous declarations made by Orengo-González in her deposition as probative of the absence of issues of material fact. See ¶ 45, *Statement of Uncontested Facts*, p. 13 (Docket No. 305). However, as correctly noted by the plaintiffs, the said exhibit is absent from the case docket. Hence, while the defendants did include a copy of such in the courtesy copy of exhibits presented to the undersigned's chambers, the Court cannot consider Orengo-González' deposition in resolving the present matter. Fed. R. Civ. P. 56 (c) (summary judgment shall be rendered if the "pleadings, **depositions**, answers to interrogatories, and admissions **on file**," show that there is no genuine issue of material fact) (emphasis added).

In light of the fact that the defendants' grounds for summary judgment as to Orengo-González hinge exclusively on said evidence, the Court **RECOMMENDS DENIAL** of the defendants motion for summary judgment as to her claim of political discrimination.

<u>CONCLUSION</u>

**WHEREFORE**, the Court hereby **RECOMMENDS** that the defendants' *Motion for Summary Judgment*. (Docket No. 302) be **GRANTED** in part and **DENIED** in part.

Under the provisions of Rule 72 (d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of the Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further

**CIVIL NO. 02-1869 (PG)**                    12

appellate review.  <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985), <u>reh'g denied</u>, 474 U.S. 1111

(1986); <u>Davet v. Maccorone</u>, 973 F. 2d 22, 30/31 (1st Cir. 1992).

**IT IS SO RECOMMENDED**

 

Date: **February 28, 2005**                                   <u>**S/ Gustavo A. Gelpí**</u>
                                                              **GUSTAVO A. GELPÍ**
                                                              **U.S. Magistrate Judge**